RECEIVED
JUL 26 2022
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No.

ARIANNA BARNES
Plaintiff,

22-cv-1881 ECT/BRT

Vs.

**COMPLAINT**
(Jury Trial Demanded)

CHURCH & DWIGHT CORPORATION
Defendant.

1. **PRELIMINARY STATEMENT**

1. Crack cocaine, a crystallized form of cocaine, that is produced by dissolving powder cocaine (cocaine hydrochloride) in a mixture of boiling water and Arm & Hammer Baking Soda (sodium bicarbonate), until the mixture becomes a solid substance that is dried, broke into "rocks" and smoked through a small glass tube;

2. The highly addictive drug containing the mixture of the two substances (cocaine and Arm & Hammer Baking Soda) was developed in the early 70s,

3. And by 1985 had dramatically increased the number of people addicted to cocaine to 5.8 million people;

4. In fact, between 1984 and 1990 the highly addictive drug containing the mixture of the two substances, powder cocaine, and the simple household product (Arm & Hammer baking soda), had worked hand-and-hand to cause a nationwide crack cocaine epidemic;

5. Also, in the 80s the use of methamphetamine, another addictive drug containing a simple household ingredient found in over the counter cold remedies (pseudoephedrine or ephedrine), had started an epidemic of its own;

6. Both illegal drugs contained household products;

7. Manufacturers of ephedrine quickly claimed that they were not liable for any injuries caused by their product, because to produce meth the ephedrine was used in an unauthorized, unintended, or improper manner; however,

SCANNED
JUL 26 2022
U.S. DISTRICT COURT MPLS

8. In this case, Defendant Church & Dwight Corporation cannot claim that in order to produce crack cocaine that Arm & Hammer Baking Soda was used in an unauthorized, unintended, or improper manner, simply because Defendant Church & Dwight Corporation **never** made it clear to users at <u>anytime</u> or in <u>any form</u>, what was the authorized, intended or proper manner to use Arm & Hammer Baking Soda;

9. Furthermore, Defendant Church & Dwight Corporation cannot claim that their product was misused and/or altered from its intended use, because Defendant never clearly stated what their product was intended for;

10. All the same, in an attempt to protect the public and curb the sale of methamphetamine, once the manufacturers of certain household products were made aware that their product was being used to create methamphetamine, steps were taken to require manufacturers to adhere to the Product Liability Law, as well as for pharmacies and other retail stores to keep logs of purchases of products containing ephedrine, which limited the amount of those products an individual can purchase per day;

11. However, unlike the manufacturers of the household products used to produce methamphetamine, once Defendant Church & Dwight Corporation was made aware of the danger Arm & Hammer Baking Soda caused by being used as part of a mixture to produce a highly addicted drug, Defendant Church & Dwight Corporation failed to adequately warn the public of its danger;

12. In fact, even decades after Defendant Church & Dwight Corporation were made aware that Arm & Hammer Baking Soda was being used as a mixture to produce highly addictive "Crack Cocaine," Defendant Church & Dwight Corporation still did absolutely nothing whatsoever to protect the public of the foreseen danger that would occur;

13. Therefore, after the nation was hit hard with the crack epidemic, Defendant Church & Dwight Corporation expected, and foreseen that Arm & Hammer Baking Soda could help produce a highly addictive drug, but they failed to put a warning label on their product to protect the public and curb the manufacture and sell of crack cocaine;

14. Instead of obeying the Duty to Warn law, Defendant Church & Dwight Corporation kept their signature saying, "All Purpose Baking Soda" on the boxes of Arm & Hammer baking, misleading users into believing that their product was safe to mix with anything for any purpose, as the sales of their product continued to raise at record breaking rates;

15. When Defendant Church & Dwight Corporation failed to adequately warn users about the danger of mixing Arm & Hammer Baking Soda with other products (which Defendant advertised daily that Arm & Hammer Baking Soda could be used for all purposes, which is includes mixing with other products), they became liable for all damages stemming from the failure to warn;

16. Plaintiff and several of her family members in Nebraska, Colorado and Minnesota began smoking crack cocaine between 1980 and 2018, and are still addicted to the dangerous drug; and

17. The fact that Defendant Church & Dwight Corporation is well aware that Arm & Hammer Baking Soda has been one of the main components used in a drug to destroy entire families for over 40 years, Defendant should not be shocked that an entire family that has been destroyed by the help of their product, is seeking to sue for the damages that Arm & Hammer Baking Soda have help create nationwide for over 40 years;

18. Plaintiff wholeheartedly feels that she would not have tried the highly addictive drug, had Defendant Church and Dwight Corporation took heed to the "Duty to Warn" and put an adequate warning label on their product, forewarning the public that mixing cocaine and Arm & Hammer Baking Soda would cause cocaine to become 100 times more addictive, instead of advertising daily that Arm& Hammer Baking Soda was a safe and friendly household product that could be used for "All Purposes"

## II. PARTIES

19. Plaintiff Arianna Barnes, 322 South 2nd Street, Minneapolis, MN 55401,
20. Defendant Church & Dwight Corporation, Princeton South Corporate Center,

500 Charles Ewing Blvd, Ewing, New Jersey, 08628-3448;

## III. JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C 1331 because the Plaintiff's claim under the Duty to Warn Act raises federal questions.

22. This Court has personal jurisdiction over the Defendant because, in person or through agents, transact business in this state and have committed and are committing tortuous acts in this state and tortuous acts outside of the state causing injury to the Plaintiff and people and property in this state, and regularly do or solicit business, or engage in persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this state, or expect or should reasonably expect their conduct to have consequences in Minnesota;

23. Venue is proper in this court pursuant to 28 U.S.C. 1391 (b)(2) because substantial part of the events and omissions giving rise to the claim occurred in the District of Minnesota;

## IV. ADDITIONAL ALLEGATIONS COMMON TO ALL COUNTS

24. Towards the end of 2017, when Plaintiff started smoking crack, she had never heard anything ever bad said about Arm & Hammer Baking Soda;

25. In fact, at that Defendant Church & Dwight advertised Arm & Hammer Baking Soda as a product that could be used for anything;

26. So when Plaintiff found out that Arm & Hammer Baking was used as part of the mixture to make crack cocaine, she automatically thought that the purpose of adding Arm & Hammer Baking Soda was to make the powder cocaine better and easier on your system;

27. For the very first time Plaintiff smoked crack with her cousin, she became addicted;

28. Today, Plaintiff struggles with a life-long crack addiction that she would not

have, had Defendant Church and Dwight warned the public the truth about the role that Arm & Hammer Baking Soda plays in producing crack cocaine;

29. Truth is, Plaintiff never would have ever tried crack cocaine had she known that the Arm & Hammer Baking Soda actually made cocaine more additive, she never would have tried it;

## CAUSES OF ACTION
## COUNT 1
### The Duty to Warn

30. Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein;
31. Product Liability is a law designed to protect consumers against injuries sustained due to defects in a product; and
32. The seller and/or manufacturer of the defective product can be held liable for the damages the users suffered;
33. However, a product can cause danger to a user even when there are no defects in the manufacturing process;
34. For instance, a product can be well designed with no obvious defect, but the improper use of the product can cause harm;
35. Therefore, the Product Liability Law imposes a duty on the manufacturers and sellers to give adequate warnings of the dangers that can arise from foreseeable uses of their products;
36. In this case, Defendant Church and Dwight failed tremendously on fulfilling their duty of giving an adequate warning of the foreseen danger stemming from mixing Arm & Hammer Baking Soda with powder cocaine(in which Arm & Hammer was advertised as an all purpose product that could be mixed with anything); therefore,
37. Defendant Church & Dwight is liable for the damages Plaintiff suffered, due to Defendant's failure to give an adequate warning;
38. Pursuant to Product Liability Law, an adequate warning would include a

description of the nature of the hazard, clear instructions for avoiding the hazard, as well as the potential consequences of failing to adhere to the warnings;

39. Furthermore, pursuant to the Product Liability Law. Defendant Church and Dwight's Arm & Hammer Baking Soda is considered defective because Defendants failed to warn users of foreseeable risks posed by the product, whereas those risks could have been reduced or avoided all together, had the Arm & Hammer Baking Soda box given a clear warning or set of instructions;

40. In short, had Defendant Church & Dwight Corporation adhered to the Product Liability Law when crack cocaine was first introduced in 1977, it may have prevented the crack epidemic from destroying communities across the nation; furthermore

41. Had Defendant Church & Dwight Corporation adhere to the Product Liability Law when crack cocaine was first introduced in 1977, Plaintiff and her family members would not be struggling with crack addictions right now today;

42. Therefore, Defendant Church & Dwight Corporation is liable for the damages Plaintiff is suffering, sustained from Defendant's failure to warn.

## CAUSES OF ACTION
### COUNT 2
**Failure to Warn Foreseen and Expected Misuse and/or Alteration**

43. Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein;

44. Since Defendant Church & Dwight Corporation first introduced Arm & Hammer Baking Soda to the public, Defendant has never told users what Arm & Hammer Baking Soda was truly intended for or the proper use of the product;

45. Therefore, Defendant Church & Dwight Corporation cannot claim that the harm stemming from the mixture of Arm & Hammer Baking Soda is a result of the unintended, improper, misused and/or alteration of the product;

46. However, if Defendant Church & Dwight Corporation attempts to offer the aforementioned as defense, Plaintiff offers the following, which are copies of several different ads the Defendant advertised over the years, as proof that Defendant Church & Dwight Corporation has **never** told the American public the intended use of Arm & Hammer Baking Soda, or offered any type of information on how to properly use their product, instead Defendant advertised on a daily basis that Arm & Hammer Baking Soda was a safe and harmless product that could be used for all purposes:

47.

## A. Timeline of Advertising and Promotions

### 1980-1990s
Better with Baking Soda

Marking a new era for both ARM & HAMMER™ and the laundry care business, we launch the first detergent with baking soda! Both the powder and liquid laundry detergents become best sellers. The success of this one product sparks us to create innovations in numerous other categories including toothpaste, carpet deodorizer and cat litter.



1.

### 1927
Momentum "Ads" Up

In our continuing effort to promote the many uses of baking soda, we place ads in national magazines like Good Housekeeping and McCall's! Many, like the one featured here, even allow consumers to write away for a free book of tips.



2.

## 1950
### Inventing the Wheel

ARM & HAMMER™ creates the first quick reference "wheel" which shows consumers how to utilize Baking Soda's versatility around the home. Users simply rotate the outer wheel to the desired solution and exact directions along with measurements of baking soda and water are revealed. Subsequent wheels follow with tips for baby care, personal care and even suggestions for use while camping.



**3.**

## 1972
### A New Idea – Baking Soda in the Refrigerator and Freezer!

An open box of ARM & HAMMER™ Baking Soda in your refrigerator and freezer helps keep food tasting fresh like it should. ARM & HAMMER™ Baking Soda fans have been swapping the box regularly for over 40 years!



**4.**

## 1986
### Lady Liberty Gets a Lift

In preparation of the Statue of Liberty's 100th anniversary on July 4, 1986, 100 tons of ARM & HAMMER™ Baking Soda are used to gently clean and beautify her. We remove 99 years of coal tar without damaging the delicate copper interior.



**5.**

## 1992
### Environmental Entertainment

As the issue of environmental awareness continues to heat up, we help spread the word as a proud sponsor of the one-hour music special This Island Earth on the Disney Channel. Produced by the National Audubon Society, it features music by Grammy award winning singers Gloria Estefan and Kenny Loggins - he later goes on to win a Daytime Emmy for the title theme song.



**6.**





7.  

8.  

## B. Famous Signature Saying Over the Years

1. When the Crack Epidemic began in the early 80s, the label on the Arm & Hammer Baking Soda stated, "All Purpose Baking Soda."

2. Over 40 years after the beginning of the Crack Epidemic today in the middle of 2022, the label on the Arm & Hammer Baking Soda states, "Hundreds of Uses…"

48. Courts have held that a manufacturer is not liable for injuries or damages resulting from **unforeseen** alteration of their product;

49. For example, a manufacturer of hair coloring could not be held to have foreseen that the purchaser would mix the hair coloring with another brand.

Therefore, the manufacturer of hair coloring was not liable for the damages thereafter;

50. However, had the manufacturer of hair coloring anticipated over a 40-year period that mixing his product with another product would cause a dangerous substance that would destroy the hair of women, men, and children across the nation, then the manufacturer foreseen a danger in the misuse and/or alteration of his product, and therefore can be held liable for the results of the injuries;

51. Therefore, if this Court would entertain the thought that in some way, Arm & Hammer Baking Soda was misused and/or altered from its original intent (although Defendant has **NEVER** informed users of Arm & Hammer's original intent), then the question of liability in this case would lie on the fact that after the introduction of crack cocaine in 1977, whether or not Defendant Church & Dwight Corporation foreseen and expected that it was highly anticipated that the misuse and/or alteration of Arm & Hammer Baking Soda would be used as a mixture with powder cocaine to produce a substances that would destroy millions of lives in a nationwide crack epidemic;

52. Defendant Church and Dwight Corporation has known for over 40 years, that crack cocaine is a highly addictive drug;

53. Defendant Church and Dwight Corporation has known for over 40 years, that crack cocaine has destroyed millions of entire families across the nation;

54. Defendant Church and Dwight Corporation has known for over 40 years, that crack cocaine has been destroying entire communities across the nation since the day the drug was introduced to America;

55. Defendant Church and Dwight Corporation has known for over 40 years, that crack cocaine contributes to criminal actives in all 50 states;

56. Defendant Church and Dwight Corporation has known for over 40 years, that there is no way to produce the form of the crack cocaine that is destroying the nation, without mixing powder cocaine and with Arm & Hammer Baking Soda;

57. It has been a known fact, that it would be virtually impossible that for over 40 years, that Defendant Church & Dwight Corporation did not foresee and

anticipate that the misuse and/or alteration of Arm & Hammer Baking Soda was playing a major role in the production of crack cocaine; and

58. It has been a known fact for over 40 years, that Defendant Church & Dwight Corporation has been making an overwhelming profit from the use of Arm & Hammer Baking Soda to produce the form of crack cocaine that is destroying communities across the nation, and Defendant mislead users with false advertising, instead of taking heed to the "Duty to Warn" to prevent the misuse of their product;

## CAUSES OF ACTION
## COUNT 3

**Public Nuisance**
**Minn. Stat. Ann. 609.74**
**And Federal CSA**

59. Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein;

60. Defendant Church & Dwight Corporation intentionally, recklessly, or negligently help create and maintain the crack epidemic in Minnesota and other states throughout the nation by failing to design and operate a system that would disclose the existence of the foreseen danger stemming from the use of Arm & Hammer Baking Soda, as required by the Product Liability Law, thereby unreasonably annoying, injuring and endangering the safety, health, morals, and comfort of the people in Minnesota, as well as people across the nation;

61. In additional, Defendant Church & Dwight Corporation unreasonably annoyed, injured, and endangered the safety, health, morals, and comfort of the people in Minnesota, as well as people across the nation, through fraudulent and deceptive marketing and schemes as described herein:

62. Furthermore, Defendant Church & Dwight Corporation misleadingly portrayed their product as a harmless household product that could be used in hundreds of different ways without causing any harm, knowing all the time

that their Arm & Hammer Baking Soda was one of the main ingredients in the crack that was destroying the nation;

63. Defendant Church & Dwight Corporation knew and should have known that their promotion of Arm & Hammer Baking Soda as being an "All Purpose Baking Soda" that have "Hundreds of Uses," were false and misleading statements about how useful their product can be, in order to maintain the trust of users during the crack epidemic;

64. Defendant Church & Dwight's acts and omissions significantly and unreasonably interfere with, and cause damage to, the public health, public safety, and the public comfort;

65. Defendant Church & Dwight Corporation's actions were, at the very least, a substantial factor in creating and maintaining the crack epidemic throughout the nation;

66. Without Defendant Church & Dwight Corporation's Arm & Hammer Baking Soda, crack cocaine would not exists in the form that is known throughout the nation today;

67. Defendant Church & Dwight Corporation knew of the public health hazard their conduct would create;

68. Defendant Church & Dwight Corporation's conduct is unreasonable, intentional, and unlawful;

69. Defendant Church & Dwight Corporation's conduct is widespread and persistent, and creatures substantial and ongoing harm;

70. Defendant Church & Dwight Corporation's conduct has caused deaths, serious injuries, life-long addictions, and a sever disruption of public peace, health, order and safety;

71. Defendant Church & Dwight Corporation's ongoing and persistent misconduct is producing permanent and long-lasting damages across the nation. The public nuisance is substantial and unreasonable;

72. Defendant Church & Dwight Corporation's actions directly caused and continue to cause the nationwide crack epidemic and the state of emergency described in this Complaint;

73. This crack epidemic unreasonably injures and endangers the safety, health, morals, and comfort of millions of people throughout the nation;

74. Defendant Church & Dwight Corporation's conduct and the crack epidemic it created is likely to continue to cause significant harm in communities across the country;

75. The crack epidemic, which is a public nuisance that Defendant Dwight & Church has help create and maintain, has significantly brought harm to the Plaintiff, his family and millions of people across the nation;

## CAUSES OF ACTION

## COUNT 4

### False Statement in Advertisement
### Minn. Stat. 325F.67

76. Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein;

77. Minn. Stat. 325F.67 reads in pertinent part:

    Any person, firm, corporation, or association who, with intent to sell…or with intent to increase the consumption thereof…makes, publishes, disseminates, circulates, or places before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public…in a newspaper or other publication…or in any other way, an advertisement of any sort regarding merchandise..or anything so offered to the public, for use, consumption, purchase, or sale which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall whether or not pecuniary or the specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such;

78. As alleged herein, Defendant Church & Dwight Corporation willingly and unlawfully engaged in a systematic campaign designed to promote the belief that Arm & Hammer Baking Soda could safely be used for any purpose, knowing that Arm & Hammer Baking Soda was being used to help produce a highly addictive and deadly drug;

79. Defendant Church & Dwight Corporation refused to specify the purpose(s) of Arm & Hammer Baking Soda in the midst of a crack epidemic, knowing that Arm & Hammer Baking Soda was being used to help produce a highly addictive and deadly drug;
80. Defendant Church & Dwight Corporation refused to give specific directions on how to properly use Arm & Hammer Baking Soda in the midst of a crack epidemic, knowing that Arm & Hammer Baking Soda was being used to help produce a highly addictive and deadly drug;
81. Defendant Church & Dwight Corporation engaged in a systematic campaign designed to promote the belief that Arm & Hammer Baking Soda could be used hundreds of nonaddictive ways, while knowing for over 40 years that Arm & Hammer Baking Soda was being used to help produce a highly addictive drug;
82. Defects in marketing deal with improper instructions and failures to warn consumers of latent dangers in the product and/or the use of the product;
83. Defendant Church & Dwight Corporation's misleading advertising played a large role in creating and maintaining a crack epidemic throughout the nation;

## PUNITIVE DAMAGES

84. Based on Defendant Church & Dwight Corporation's deliberate disregard for my rights and safety, and the rights and safety of the general population of people in the United States, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:
   A. A finding that, by acts alleged herein, Defendant Church & Dwight Corporation have help create and maintain a nationwide crack epidemic;
   B. A finding that, by acts alleged herein, Defendant Church & Dwight Corporation have created a public nuisance;
   C. An injunction permanently enjoining Defendant from engaging in the

acts and practices that caused the nationwide crack epidemic;

D. A finding that by the acts alleged herein, Defendant Church & Dwight Corporation violated the Product Liability Law;

E. An order directing Defendant Arm & Hammer Baking soda t pay civil penalties and treble damages for violation of Minnesota's False Claims Act;

F. A finding that by the acts alleged herein, Defendant Church & Dwight Corporation violated **Minn. Stat. 325F.67**, Deceptive or misleading advertising; unlawful acts;

G. A judgment temporarily and permanently enjoining Defendant Church & Dwight Corporation from engaging in further acts in violation of Minn. Stat.325F.67, Deceptive or misleading advertising; unlawful acts;

H. An order directing Defendant Church & Dwight Corporation to pay Plaintiff $50,000,000.00 dollars for the damages due to the crack addiction caused by the public nuisance;

I. Compensatory damages in the amount of $50,000,000.00 to fairly and completely compensate Plaintiff for all damages alleged herein;

J. For treble or multiple damages and civil penalties as allowed by statue;

K. Disgorgement of Defendant Church & Dwight Corporation's unjust enrichment, benefits, and ill-gotten gains, plus interest, acquired as a result of the unlawful or wrongful conduct alleged herein:

L. For all other relief at law or in equity, deemed just by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims and issues in this action.

DATED: July 18, 2022.

*(signature)*

Arianna Barnes
322 South 2nd Street
Minneapolis, MN. 55401
(612)274-2882